IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VINODH RAGHUBIR,

    Plaintiff,

v.                                    CASE NO. 1:20-cv-227-AW-GRJ

WARDEN, CROSS CITY C.I., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's *pro se* handwritten First Amended Complaint. ECF No. 10. Plaintiff is a prisoner in the custody of the Florida Department of Corrections. For the reasons explained below, it is respectfully **RECOMMENDED** that the First Amended Complaint should be **DISMISSED** for failure to prosecute and failure to comply with a court order.

Plaintiff initiated this lawsuit in the Middle District of Florida on September 8, 2020. ECF No. 1. When his initial Complaint was transferred to this Court, ECF No. 5, the undersigned screened the Complaint pursuant to 28 U.S.C. § 1915A and advised Plaintiff of several substantive and procedural deficiencies. ECF No. 8. First, Plaintiff failed to

pay the requisite $400.00 filing fee or file a motion to proceed as a pauper. N.D. Fla. Loc. R. 5.3.  Second, Plaintiff failed to utilize the Court's approved form for a civil rights complaint by *pro se* non-prisoners.  N.D. Fla. Loc. R. 5.7(A).  Third, Plaintiff failed to plead any cognizable, let alone a plausible, claim against the named Defendants.  The Court advised Plaintiff, in some detail, of the pleading standard set forth in the Federal Rules of Civil Procedure (as described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) and of the United States' sovereign immunity.  ECF No. 8 at 4–8.  Ultimately, the undersigned provided Plaintiff the opportunity to correct these deficiencies by October 23, 2020, or face dismissal.  *Id.* at 8–9.

Plaintiff responded to the Court's order by filing his First Amended Complaint, ECF No. 10, and his "Objection + Motion to Vacate + Motion to Waive Filing Fees," ECF No. 11.  Notwithstanding the Court's instructions, Plaintiff refused to pay the requisite $400.00 filing fee or file a motion to proceed *in forma pauperis*.  Moreover, Plaintiff's motion to "waive" his filing fees, ECF No. 11, did not comply with the requirements of 28 U.S.C. § 1915(b)(1), namely that any motion to proceed *in forma pauperis* include a certified copy of his six-month inmate account statement for the six-month period preceding the filing of the initial Complaint.  Plaintiff also failed to use the Court's approved form for a civil rights complaint by prisoners.

2

Upon screening the First Amended Complaint, the undersigned learned that Plaintiff is barred from proceeding *in forma pauperis* under the statute's "three strikes" provision. *Raghubir v. United States*, No. 4:20-cv-445-AW-MAF, 2020 WL 7684101, at **1–3 (N.D. Fla. Nov. 17, 2020), *report and recommendation adopted*, 2020 WL 7682555, at *1 (Dec. 23, 2020). On February 4, 2021, the Court entered an order directing Plaintiff to pay the requisite filing fee and to file a Second Amended Complaint on the court-approved form by February 19, 2021, or face dismissal. ECF No. 13.[1] This deadline has since passed, Plaintiff has not paid the filing fee or filed a Second Amended Complaint, and the copy of the Court's February 4, 2021, order mailed to Plaintiff at the Department of Corrections has not been returned as undeliverable.

"[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019). Dismissal under Rule 41(b), however, is a sanction of last

---

[1] The Court further advised Plaintiff that the First Amended Complaint is a "shotgun pleading" in violation of the Federal Rules of Civil Procedure and required him (in any Second Amended Complaint) to "present his claims discretely and succinctly so that his adversary can discern what he is claiming and frame a responsive pleading" and so "the [C]ourt can determine which facts support which claims and whether [Plaintiff] has stated any claims upon which relief can be granted, and, at trial, the [C]ourt can determine that evidence which is relevant and that which is not." ECF No. 13 at 4–5 (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

3

resort that requires findings of "willful delay or conduct" and that "lesser sanctions will not suffice." *Jacobs v. Atlanta Police Dep't*, 685 F. App'x 827, 831 (11th Cir. 2017).

The Court concludes Plaintiff's First Amended Complaint is due to be dismissed for failure to prosecute and failure to comply with a court order. When Plaintiff failed to comply with the Court's Local Rules (as described above), the undersigned twice advised him of his errors and gave him reasonable opportunities to correct them so his case may proceed (to the extent he presented any cognizable cause of action). Instead, Plaintiff filed an improper motion to waive his filing fees (because he could not proceed *in forma pauperis*), and, most recently, ignored this Court's February 4 order warning him this case may be dismissed. The undersigned interprets the latter as evidence of Plaintiff's intent to abandon further litigation in this matter.

The Court finds Plaintiff's conduct has been willful because he proceeded with full knowledge of this Court's Local Rules but has failed to present a nonfrivolous argument for exception from their application. Additionally, any sanction short of dismissal would not remedy Plaintiff's defiance. Therefore, dismissal of this case under Rule 41(b) is appropriate.

*Garrett v. Birmingham Police Dep't*, 769 F. App'x 899, 900–01 (11th Cir. 2019); *Watts v. Ford Motor Co.*, 648 F. App'x 970, 972–73 (11th Cir. 2016).

Accordingly, it is respectfully **RECOMMENDED** that the First Amended Complaint, ECF No. 10, should be **DISMISSED** for failure to prosecute and failure to comply with a court order.

**IN CHAMBERS** this 8th day of March 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**